**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON ALAN CATZ, Esquire, | No. 10-17714 |
| Plaintiff - Appellant, | D.C. No. 4:03-cv-00091-FRZ |
| v. | |
| SUSAN RUTH CHALKER; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| FIDELITY INVESTMENTS, named as Fidelity Investments (FMR Corporation) - of the State of Massachusetts; WATERHOUSE SECURITIES, | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 12, 2013[]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Jason Alan Catz appeals pro se from the district court's order granting attorney's fees to Leonard Karp and Annette Everlove. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion an award of fees, *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012), and review de novo the underlying legal analysis, *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 970 (9th Cir. 2011). We vacate and remand.

In a prior appeal, we remanded for the district court to determine the amount of fees attributable solely to the representation of Karp and Everlove. On remand, the district court awarded all fees incurred in defending the meritless claims against Karp and Everlove, regardless of whether the work done on behalf of Karp and Everlove might have benefitted another defendant against whom frivolous claims were not brought. However, *Fox v. Vice*, __ U.S. __, 131 S. Ct. 2205 (2011), decided after the district court's order, held that defendants may be awarded *only* those fees requested which "would not have accrued but for the frivolous claim." *Id*. at 2216. It appears that the district court may have improperly awarded some

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Catz's request for oral argument is denied.

costs that would have been incurred regardless of the frivolous allegations against Karp and Everlove. *Cf. id.* (noting that "the 'but-for' standard . . . may in some cases allow compensation to a defendant for attorney work relating to both frivolous and non-frivolous claims"). In light of the Supreme Court's recent decision in *Fox*, we vacate the award and remand to the district court to conduct the requisite "but for" analysis.

We reject defendants' contention that the entire fee award can be alternatively affirmed under 28 U.S.C. § 1927.

Robert S. Catz's motion for leave to file an amicus brief is denied.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**